## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

JANICE ANN SHOCKEY
6589 Bent Oak Drive
Fayetteville, PA 17222

and

LESTER SHOCKEY
6589 Bent Oak Drive
Fayetteville, PA 17222

       Plaintiffs,


vs.

ANNE ARUNDEL MEDICAL CENTER
2001 Medical Parkway
Annapolis, Maryland 21201

      Serve on: Resident Agent:
      The Corporation Trust Incorporated
      351 West Camden Street
      Baltimore, Maryland 21201

and

DOCTORS EMERGENCY SERVICES, P.A
5022B Campbell Blvd
Baltimore, Maryland 21136

      Resident Agent:
      James S. Jacobs
      Commerce Place STE 1910
      One South Street
      Baltimore, Maryland 21202

and

DAVID ANDREW MOORADIAN, M.D.
Individually, and/or as Agent, Servant and/or
Employee of DOCTORS EMERGENCY

Civil Action No.:_____

**JURY TRIAL DEMANDED**

SERVICES, P.A. and/or ANNE ARUNDEL
MEDICAL CENTER
5022B Campbell Blvd
Baltimore, Maryland 21136

        Resident Agent:
        James S. Jacobs
        Commerce Place STE 1910
        One South Street
        Baltimore, Maryland 21202

        Defendants.

## COMPLAINT

NOW COMES the Plaintiffs, Janice Shockey, et al., and brings this claim against the

Above named Defendant Health Care Providers, and in support thereof state as follows:

1.      Jurisdiction is proper in the United States District Court for the District of

Maryland pursuant to 28 U.S.C §1332 in that the controversy exceeds the sum or value of

$75,000.00, exclusive of interests and costs, and is between citizens of different states.

2.      The amount in controversy is in excess of Thirty Thousand Dollars ($30,000.00)

and thereby exceeds the limits of concurrent jurisdiction pursuant to Courts and Judicial

Proceedings §3-2A-02(a)(1).

3.      This is a unilateral waiver of compulsory arbitration from the Health Care

Alternative Dispute Resolution Office of Maryland pursuant to Courts and Judicial Proceedings

§3-2A-06 B (attached hereto as Exhibit "1" is a copy of the Waiver of Arbitration).

4.      That at all times relevant to this claim, Defendant, Anne Arundel Medical Center,

(hereinafter referred to collectively as "Defendant AAMC.") was a corporation and/or an entity

doing business in the State of Maryland and lo provide medical, nursing and other services to the

public and the Claimant.  At all times relevant herein, Defendant AAMC through its agents, servants and/or employees represented to the public and to the Claimant that it possessed that degree of skill, knowledge and ability ordinarily possessed by reasonably prudent and competent facilities; practicing medicine and other related health care services through its agents, servants, and/or employees owed a duty to Plaintiffs to exercise that care skill and judgment exercised by reasonably prudent and competent medical facilities in treating and caring for the Claimant.

5.      That at all times relevant to this claim, Defendant, Doctors Emergency Services, P.A.,  ( hereinafter referred to collectively as "Defendant DES, P.A") was a corporation and/or an entity doing business in the State of Maryland and lo provide medical, nursing and other services to the public and the Claimant.  At all times relevant herein, Defendant DES, P.A., through its agents, servants and/or employees represented to the public and to the Claimant that it possessed that degree of skill, knowledge and ability ordinarily possessed by reasonably prudent and competent facilities; practicing medicine and other related health care services through its agents, servants, and/or employees owed a duty to Plaintiffs to exercise that care skill and judgment exercised by reasonably prudent and competent medical facilities in treating and caring for the Claimant.

6.      That at all times relevant to this claim, Defendant, Dr. David Andrew. Mooradian, (or other alias, hereinafter referred to collectively as "Defendant Mooradian.") is licensed to practice in the State of Maryland and was acting individually and/or as an agent, servant and/or employee of Doctors Emergency Services, P.A./Anne Arundel Medical Center. At all times relevant to this claim there were other as yet to be named agents, servants and/or employees of Anne Arundel Medical Center, who represented to the public and to the Claimant

3

that it possessed that degree of skill, knowledge and ability ordinarily possessed by reasonably

prudent and competent facilities; practicing medicine and other related health care services

through its agents, servants, and/or employees owed a duty to Plaintiffs to exercise that care skill

and judgment exercised by reasonably prudent and competent medical facilities in treating and

caring for the Claimant.

## COUNT I -NEGLIGENCE

Plaintiffs, Janice Ann Shockey, et al,  incorporate by reference paragraphs (1) through (5)

of the Complaint as if fully set forth herein and further allege as follows:

7.       On March 16, 2009, Plaintiff's PCP referred Mrs. Shockey to Anne Arundel

Hospital Emergency room to rule out Pulmonary Embolus with complaints of right sided chest

pain radiating to her back.   Ms. Shockey is status-post right total knee replacement on

2/10/2009.  (post–operative recovery period places Mrs. Shockey at high risk for pulmonary

embolus, and pneumonia).  On arrival to Defendant AAMC Janice Shockey vital signs were

95.7, pulse 88, and RR 16, blood pressure 142/72, pulse oximetry 96% on room air, and pain

assessment of 8/10.   David Mooradian, MD  documented Mrs. Shockey with right- sided chest

pain, clear lungs, and a cough.    White blood cell count- 16.1, hematocrit -36.4 and hemoglobin

11.7.   Pulmonary CT Angiogram completed with results of patchy parenchyma opacities with an

impression of negative for pulmonary embolus.   Mrs. Shockey was discharged home without

antibiotic therapy, despite elevated white blood cell count, right sided chest pain radiating to her

back 8/10, positive cough; history of recurrent pleural effusions, and pneumonia. No further

work up was done to positively rule out a pulmonary embolism and/or pneumonia. Patient has

documented history of Pulmonary Hypertension which causes a CT Scan to be ineffective in

diagnosis a PE.  Discharge instructions were to follow up with primary care physician in 3-5 days.

8.      On March 23, 2009 Janice Shockey again presents to Anne Arundel Emergency Department with complaints of a productive cough and hemoptysis, (large amounts filling about one cup worth).  Her vital signs were Temp 98.4, pulse 115, RR 20, blood pressure 155/72, and pulse ox 99% on room air.  Joseph Halpern, MD Emergency Physician evaluated Mrs. Shockey and found right sided chest pain with productive cough and shortness of breath.   MD documents, "With cough for? week, seen one week ago in ED, _____have chest CT negative for PE but displaying infiltrates, however, no antibiotics. Continued to have cough and now coughing/vomiting blood clots about one cup worth."  White Blood cell count 17, 600, Hematocrit 34.3, Hemoglobin 10.9.  CT Scan completed showing a mass in the right lower lobe and a mass in the right middle lobe with a central clearing indicating early necrosis.  CT Scan was changed from just a week prior indicating progressive changes.  Dr. Ira Weinstein, Infectious disease consulted on Mrs. Shockey and documents, "she likely has necrotizing pneumonia".  Dr. Weinstein recommended sputum cultures, bronchoscopy to check for endobronchial lesion, and erosions.  Also recommended was consulting with a chest surgeon if the bleeding did not stop. Mrs. Shockey was placed on Zosyn and Vancomycin  IV for suspected pneumonia.

9.      On March 26, 2009 Bronchoscopy was performed by Steven Craig Resnick, MD, Pulmonologist and scope withdrawn due to purulent mucous found at the base of the right lung.

10.      On March 27, 2009 a CT Scan guided lung biopsy performed by Lank, MD, who states "lesion caveated in the last 4 days since 3/23/09 CT Scan."  Samples were submitted for

culture and cytology, and found to be negative for malignancy and have concluded an inflammatory process.

11.     On March 31, 2009 Janice Shockey had a right Lower Lobectomy and chest tube placement by Dr. Kiev.

12.     On April 1, 2009 White blood cell count elevated to 31,000.  Treatment plan: continue IV antibiotic Zosyn, until intra-operative cultures were available.  April 4, 2009 Mrs. Shockey's chest tube removed and white blood cell count normal.  April 5, 2009 Mrs. Shockey discharged home with homecare services to assist patient with recovery.

13.     On April 8, 2009 Janice Shockey sent for follow up Chest CT Scan for c/o of dyspnea.  Results show at least partially encapsulated pleural material and improvement in areas not surgically removed.  It is mentioned that there is considerable complex material within the pleural space at this time, but there is no way to tell if this would be expected and follow-up is advised. April 9, 2009 Mrs. Shockey seen as an outpatient at Anne Arundel Medical Center for a ultrasound guided Thoracentesis in which 100cc of bloody fluid was aspirated.

14.     On April 15, 2009 chest x-ray PA and Lateral showed the right hemi-diaphragm is slightly elevated and there was minimal fluid collection at the costophrenic sulcus.  Dr. Ellen Y. Yang, MD saw the Janice Shockey for follow-up of cavitary pneumonia. Janice Shockey had complaints of weakness.  She was administered Levaquin and Flagyl.  Lungs auscultated as clear except for decreased breath sounds in the R base.  Note stated, "Or culture and AFB culture identified as Myobacterium Avium Complex.  Culture sensitivity is pending.April 28, 2009 Follow up visit with Dr. Ellen Yang, Infectious disease.  Lungs auscultated as clear with decreased breath sounds at right lower lobe. Documentation states

diagnosis of cavitary pneumonia right lower lobe status post right lobectomy. Culture positve for Mycobacterium avium complex.  Mrs. Shockey will continue on Ethambutol and Biaxin for another two to three months.  CT Scan for follow up in a few months.  History of pneumonia empyema, status post VATS decortication March 2008 with persistent infection, most likely due to Mycobacterium Avium Complex.

15.      At all times relevant to this claim each of the Defendants and their agents, servants and/or employees failed to conform to the standards of care in their care and treatment of the Claimant in that they negligently failed to diagnose and treat a necrotizing pneumonia causing a Right Lower Lobectomy and loss of lung function.  Had the defendants admitted the Claimant and diagnosed and treated the pneumonia in a timely manner the Claimant would not have developed necrosis of the right lung requiring a Partial Right Lung Lobectomy.

16.      As a direct and proximate result of the failure of the Defendant as set forth above, Claimant suffered pain, shortness of breath, fatigue, injury, unnecessary medical bills and loss of time at work and financial burden.

17.      That furthermore, as a direct and proximate result of the above described negligence and failure to meet acceptable standards of care owed a patient under the same or similar circumstances by the Defendant and/or their actual and/or apparent agents, servants and/or employees, the Claimant suffered pain, lost wages and unnecessary surgery.  Excruciating and unremitting conscious pain, decrease in quality of life and loss of time at work causing financial burden.

18.      That each of the damages and injuries sustained by Claimant are a direct and proximate result of the negligence of the Defendants named herein and/or there actual and/or

apparent agents, servants and/or employees without any negligence of the Plaintiffs contributing thereto.

WHEREFORE, Plaintiffs Janice Shockey, et al.,  brings this action against the above named Defendants and/or their agents, servants and/or employees and claim compensatory damages in excess of Thirty Thousand dollars, ($30,000.00) plus costs, and for such other further relief as may be necessary and proper.

## COUNT II-LACK OF INFORMED CONSENT

Plaintiffs, Janice A. Shockey, et al., adopts and incorporates by reference paragraphs one (1) through eightteen (18) of the Complaint as if fully set forth herein and further alleges as follows:

19.     Plaintiffs assert that the Defendants and/or their actual and/or apparent agents, servants and/or employees had an absolute obligation to inform Claimant of the risks involved with  a failure diagnose and treat a necrotizing pneumonia causing a Right Lower Lobectomy and the loss of a lung, including but not limited to the risks inherently involved in failing to treat necrotizing pneumonia; the risks involved with the delay in treatments; the risks involved with the failure to perform adequate antibiotic therapy in light of the signs and symptoms of necrotizing pneumonia; the non-emergent nature of the treatments and, the risks of not being properly examined, treated, monitored, diagnosed and managed.  The Defendants failed in their obligation to inform Claimant of these risks, and otherwise failed to provide and/or obtain proper informed consent.

20.     Had the Claimant, as well as any reasonable person under like or similar circumstances been advised of these risks in their care and treatment by the Defendants,

Claimant would have refused such treatment.

21.      As a result of the lack of informed consent, Plaintiffs relied upon all of the

Defendants representations and, as a result, increased Claimant's compromised condition which

directly and proximately caused the injuries and damages complained of as described above.

22.      That each of the damages and injuries sustained by Plaintiffs are a direct and

proximate result of the negligence of each of the Defendants named herein and/or their actual

and/or apparent agents, servants and/or employees without any negligence of the Plaintiffs

contributing thereto.

WHEREFORE, Plaintiffs, Janice A. Shockey, et al., brings this action against the above

named Defendants and claims compensatory damages in excess of thirty thousand dollars

($30,000) plus costs, and for such other and further relief as may be necessary and proper.

## COUNT III - LOSS OF CONSORTIUM

Plaintiffs, Janice and Lester Shockey, hereby incorporate by reference paragraphs one (1)

through twenty-two (22) of the Complaint as if fully set forth herein and further allege as

follows:

23.      Plaintiffs, Janice & Lester Shockey, at all times relevant to this claim, were

Husband and Wife.

24.      The Defendant's negligence directly and proximately caused and continues to

cause the Plaintiffs to suffer loss of consortium, loss of services, support, affection, guidance,

comfort, society, and companionship, and/or other damages to the permanent detriment of their

marital relationship.

25.      The Plaintiffs' injuries and/or damages were directly and proximately caused by

9

the Defendant's negligence as aforesaid, without any negligence or assumption of the risks on the part of either of the Plaintiffs causing or contributing thereto.

      WHEREFORE, Plaintiffs Janice Shockey, et al., bring this action against the above named Defendants and/or their agents, servants and/or employees and claim compensatory damages in excess of Thirty Thousand dollars, ($30,000.00) plus costs, and for such other further relief as may be necessary and proper.

Respectfully submitted,

_____/s/_____
Robert E. Joyce
Federal Bar #26427
841 E. Fort Avenue
#250
Baltimore, MD 21203
(443) 904-5706

Joanne L. Suder
The Suder Law Firm, P.A.
210 E. Lexington Street
Suite 100
Baltimore, Maryland 21230
(410) 727-8177

Attorneys for Plaintiffs

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs, Janice Shockey, et al., by and through undersigned counsel hereby respectfully request a jury trial in this matter.

Respectfully submitted,


_____/s/_____
Robert E. Joyce
Federal Bar #26427
841 E. Fort Avenue
#250
Baltimore, MD 21230
(443) 904-5706

Joanne L. Suder
The Suder Law Firm, P.A.
210 E. Lexington Street
Suite 100
Baltimore, Maryland 21230
(410) 727-8177

Attorneys for Plaintiff

11