## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JANICE ANN SHOCKEY, et al.

      Plaintiffs,

v.

ANNE ARUNDEL MEDICAL CENTER,
et al.,

      Defendants.

Civil No.: 1:12-cv-01176-CCB

---

## PROPOSED INSTRUCTIONS TO BE SUBMITTED ON BEHALF OF PLAINTIFFS

    Plaintiffs, Janice Ann Shockey, et al., by and through their attorneys, Robert E. Joyce and

The Suder Law Firm, P.A. propose the following instructions of law to be read to the Jury at the

conclusion of all the evidence:

1. <u>INTRODUCTION</u>    **MPJI-Cv 1:1**

2. <u>QUESTIONS OF LAW DURING TRIAL</u>    **MPJI-Cv 1:2**

3. <u>WITNESS TESTIMONY CONSIDERATION</u>    **MPJI-Cv 1:3**

4. <u>NUMBER OF WITNESSES</u>    **MPJI - Cr 3:16**

5. <u>EXPERT OPINION TESTIMONY</u>    **MPJI-Cv 1:4**

6. <u>IMPARTIALITY IN CONSIDERATION</u>    **MPJI-Cv 1:5**

7. <u>INFERENCES FROM STATEMENTS OF COURT</u>    **MPJI-Cv 1:6**

8. <u>BURDEN OF PROOF— PREPONDERANCE OF EVIDENCE STANDARD</u>
**MPJI-Cv 1:7**

9. <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>    **MPJI-Cv 1:8**

10. <u>CASE SUBMISSION ON ISSUES</u>    **MPJI-Cv 1:13**

11. <u>CONCLUSION — UNANIMOUS VERDICT</u>    **MPJI-Cv 1:14**

12.   INTRODUCTORY STATEMENT    **MPJI-Cv 10:1**

13.   COMPENSATORY DAMAGES FOR BODILY INJURY    **MPJI-Cv 10:2**

14.   SUSCEPTIBILITY TO INJURY        **MPJI-Cv 10:3**

15.   AGGRAVATION OF PREVIOUS CONDITION      **MPJI-Cv 10:4**

16.   PRESENT VALUE QUALIFICATION— PERSONAL INJURY
      **MPJI-Cv 10:5**

17.   MINIMIZING (MITIGATING) DAMAGES **MPJI-Cv 10:6**

18.   DAMAGES— COLLATERAL SOURCE RULE      **MPJI-Cv 10:8**

19.   DAMAGE AWARD NOT SUBJECT TO FEDERAL OR STATE INCOME TAX
      **MPJI-Cv 10:12**

20.   MORTALITY TABLE — LIFE EXPECTANCY      **MPJI-Cv 10:27**

21.   DEFINITION OF NEGLIGENCE      **MPJI-Cv 19:1**

22.   DEFINITION OF CAUSATION       **MPJI-Cv 19:10**

23.   HEALTH CARE PROVIDERS — STANDARD OF CARE  **MPJI-Cv 27:1**

24.   PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 24

25.   PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 25

26.   PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 26 - DEPOSITION
      TESTIMONY

27.   PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 27 - BURDEN OF PROOF

28.   PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 28 - ELEMENTS OF
      MEDICAL NEGLIGENCE ACTION

29.   PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 29

30.   PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 31 - STANDARD OF
      CARE         **MPJI-Cv 27:7**

31.   PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 31

32.   PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 32 - PROXIMATE CAUSE

33.  PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 33 - CAUSATION

34.  PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 34 - PROXIMATE AND CONCURRING CAUSES     **MPJI-Cv 19:10**

35.  PLAINTIFF'S INSTRUCTION NO. 35 – SPECIAL VERDICT FORM

## PLAINTIFF'S INSTRUCTION NO. 1

<u>INTRODUCTION</u>

Members of the jury, the time has come for the Court to give you its instructions with respect to the law which is applicable in this case. You must apply the law as I explain it to you. Any comments I may make about the facts are only to help you and you are not required to agree with them. It is your function and responsibility to decide the facts. You must base your findings only upon the testimony, the exhibits received and the stipulations of the parties, including any conclusions winch may be fairly drawn from that evidence. Opening statements and arguments of the lawyers are not evidence in this case. If your memory of any of the testimony is different from any statement that I might make during the course of these instructions or that counsel might make in argument, you must rely on your own memory. Any person who testifies, including a party, is a witness.

**MPJI-Cv 1:1**

## PLAINTIFF'S INSTRUCTION NO. 2

<u>QUESTIONS OF LAW DURING TRIAL</u>

During the course of the trial, it has been my duty to rule on a number of questions of law, such as objections to the admissibility of evidence, the form of questions, and other legal points. You should not draw any conclusions from these rulings either as to the merits of the case, or as to my views regarding any witness, party, or the case itself.

It is the duty of a lawyer to make objections which that lawyer believes are proper. You should not be influenced by the fact that these objections were made, no matter how the court may have ruled on them. You must disregard any evidence which I have ordered stricken.

**MPJI-Cv 1:2**

## PLAINTIFF'S INSTRUCTION NO. 3

### WITNESS TESTIMONY CONSIDERATION

As jury members, you are the sole judges of whether a witness should be believed. In making this decision, you may apply your own common sense and every day experiences.

In determining whether a witness should be believed, you should carefully judge all the testimony and evidence and the circumstances under which each witness has testified. You should consider the following:

(I)    the witness' behavior on the stand and way of testifying;

(ii)   the witness' intelligence;

(iii)  did the witness appear to be telling the truth?

(iv)   the witness' opportunity to see or hear the things about which testimony was given;

(v)    the accuracy of the witness' memory;

(vi)   did the witness have a motive not to tell the truth?;

(vii)  does the witness have an interest in the outcome of the case?;

(viii) was the witness' testimony consistent?;

(ix)   was the witness' testimony supported or contradicted by other evidence?; and

(x)    whether and the extent to which the witness' testimony in the court differed from the statements he made during a pre-trial deposition.

You need not believe any witness even though the testimony is uncontradicted. You may believe all, part, or none of the testimony of any witness.

**MPJI-Cv 1:3**

**PLAINTIFF'S INSTRUCTION NO. 4**

<u>NUMBER OF WITNESSES</u>

The weight of the evidence does not depend upon the number of witnesses on either side.

You may find that the testimony of a smaller number of witnesses for one side is more believable than the testimony of a greater number of witnesses for the other side.

**MPJI - Cr 3:16**

**PLAINTIFF'S INSTRUCTION NO. 5**

<u>EXPERT OPINION TESTIMONY</u>

An expert is a witness who has special training or experience in a given field. *You* should give expert testimony the weight and value you believe it should have. You are not required to accept any expert's opinion. You should consider an expert's opinion together with all the other evidence.

**MPJI-Cv 1:4**

**PLAINTIFF'S INSTRUCTION NO. 6**

<u>IMPARTIALITY IN CONSIDERATION</u>

You must consider and decide this case fairly and impartially. All persons, including corporations, stand equal before the law and are entitled to the same treatment under the law, You should not be prejudiced for or against a person because of that person's race, color, religion, political or social views, wealth or poverty. You should not even consider such matters. The same is true as to prejudice, for or against, and sympathy for any party.

**MPJI-Cv 1:5**

**PLAINTIFF'S INSTRUCTION NO. 7**

## INFERENCES FROM STATEMENTS OF COURT

You should not conclude from any conduct or words of mine that 1 favor one party or another, or that I believe or disbelieve the testimony of any witness. You, not I, are the sole judges of the believability of witnesses and the weight of the evidence. You must not be influenced in any way by my conduct during the course of the trial.

**MPJI-Cv 1:6**

**PLAINTIFF'S INSTRUCTION NO. 8**

BURDEN OF PROOF— PREPONDERANCE OF EVIDENCE STANDARD

The party who asserts a claim or affirmative defense has the burden of proving it by what we call the preponderance of the evidence.

In order to prove something by a preponderance of the evidence a party must prove that it is more likely so than not so.  In other words, a preponderance of the evidence means such evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that it is more likely true than not true.

In determining whether a party has met the burden of proof you should consider the quality of all of the evidence regardless of who called the witness or introduced the exhibit and regardless of the number of witnesses which one party or the other may have produced.

If you believe that the evidence is evenly balanced on an issue, then your fInding on that issue must be against the party who has the burden of proving it.

**MPJI-Cv 1:7**

**PLAINTIFF'S INSTRUCTION NO. 9**

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are two types of evidence — direct and circumstantial.

Direct evidence is, for example, testimony of a person reporting firsthand knowledge of a matter, such as testimony of an eyewitness to an occurrence. Circumstantial evidence is indirect and is proof of a chain of facts and circumstances that point to the existence of certain facts.

For example, if a witness testifies that he saw a deer in the field, that is direct evidence that there was a deer in the field, If a person testifies that he saw deer prints in the snow in the field, that is direct evidence that there were deer prints in the snow, and circumstantial evidence that there was at least one deer in the field.

The law makes no distinction between the weight to be given to either type of evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. In reaching a verdict, you should weigh all of the evidence presented, whether direct or circumstantial.

**MPJI-Cv 1:8**

## PLAINTIFF'S INSTRUCTION NO. 10

### CASE SUBMISSION ON ISSUES

In this case, it will be your duty to return your verdict in the form of written answers to the written questions which are submitted to you by the Court. Your answers will constitute your verdict. Each answer is to be written in the space provided after each question. Before making each

answer, all of you must agree upon it. It is your duty to answer each of these questions in accordance with the evidence in the case.

**MPJI-Cv 1:13**

## PLAINTIFF'S INSTRUCTION NO. 11

<u>CONCLUSION — UNANIMOUS VERDICT</u>

In order to reach a verdict in this case, each of you must agree upon it. Your verdict must be unanimous.

**PLAINTIFF'S INSTRUCTION NO. 12**

**<u>INTRODUCTORY STATEMENT</u>**

In the event that you find for the plaintiff on the issue of liability, then you must go on to consider the question of damages. It will be your duty to determine what, if any, award will fairly compensate the plaintiff for the losses.

The burden is on the plaintiff to prove by the preponderance of the evidence each item of damage claimed to be caused by the defendant. In considering the items of damage, you must keep in mind that your award must adequately and fairly compensate the plaintiff, but an award should not be based on guesswork.

**MPJI-Cv 10:1**

**PLAINTIFF'S INSTRUCTION NO. 13**

COMPENSATORY DAMAGES FOR BODILY INJURY

In an action for damages in a personal injury case, you shall consider the following:

(1)      The personal injuries sustained and their extent and duration;

(2)      The effect such injuries have on the overall physical and mental health and well-

being of the plaintiff;

(3)     The physical pain and mental anguish suffered in the past and which with reasonable probability may be expected to be experienced in the future;

(4)     The disfigurement and humiliation or embarrassment associated with such disfigurement;

(5)     The medical and other expenses reasonably and necessarily incurred in the past;

~~(6)     The medical and other expenses reasonably and necessarily to be incurred in the future;~~

~~(7)     The loss of earnings in the past and such earnings or reduction in earning capacity which with reasonable probability may be expected in the future.~~

In awarding damages in this case you must itemize your verdict or award to show the amount intended for:

(1)     The medical expenses incurred in the past;

~~(2)     The medical expenses to be incurred in the future;~~

~~(3)     The loss of earnings and/or earning capacity incurred in the past;~~

~~(4)     The loss of earnings and/or earning capacity reasonably probable to be expected in the future;~~

(5)     The "Noneconomic Damages" sustained in the past and reasonably probable to be sustained in the future.  All damages which you find for pain, suffering, inconvenience, physical impairment, disfigurement, loss of consortium, or other nonpecuniary injury are "Noneconomic Damages."     **MPJI-Cv 10:2**

**PLAINTIFF'S INSTRUCTION NO. 14**

<u>SUSCEPTIBILITY TO INJURY</u>

The effect that an injury might have upon a particular person depends upon the susceptibility to injury of the plaintiff. In other words, the fact that the injury would have been less serious if inflicted upon another person should not affect the amount of damages to which the plaintiffs may be entitled.

**MPJI-Cv 10:3**

**PLAINTIFF'S INSTRUCTION NO. 15**

<u>AGGRAVATION OF PREVIOUS CONDITION</u>

A person who had a particular condition before the accident may be awarded damages for the aggravation or worsening of that condition.

**MPJI-Cv 10:4**

**PLAINTIFF'S INSTRUCTION NO. 16**

<u>PRESENT VALUE QUALIFICATION— PERSONAL INJURY</u>

In deciding upon the damages to be awarded for any future economic loss, you shall consider how long the plaintiff is likely to live notwithstanding the injury, and the present cash value, if any, of the loss.

Present cash value means that amount of money needed now, which, when added to what that amount may reasonably be expected to earn in the future by prudent investment, will equal the amount of the plaintiff's loss.

In other words, the total anticipated future loss must be reduced to an amount, which if

prudently invested at a particular rate of interest over the applicable number of years, will return an amount equal to the total anticipated future loss.    **MPJI-Cv 10:5**

**PLAINTIFF'S INSTRUCTION NO. 17**

<u>MINIMIZING (MITIGATING) DAMAGES</u>

A plaintiff has a duty to use reasonable efforts to reduce the damages, but is not required to accept the risk of additional loss or injury in these efforts.

**MPJI-Cv 10:6**

**PLAINTIFF'S INSTRUCTION NO. 18**

<u>DAMAGES— COLLATERAL SOURCE RULE</u>

In arriving at the amount of damages to be awarded for past and future medical expenses and past loss of earnings, you may not reduce the amount of your award because you believe or infer that the plaintiff has received or will receive reimbursement for or payment of proven medical expenses or lost earnings from persons or entities other than the defendant, such as, for example, sick leave paid by the plaintiff's employer or medical expenses paid by plaintiffs health insurer.

**MPJI-Cv 10:8**

**PLAINTIFF'S INSTRUCTION NO. 19**

<u>DAMAGE AWARD NOT SUBJECT TO FEDERAL OR STATE INCOME TAX</u>

Any compensatory damages awarded to the plaintiffs are not income within the meaning of Federal and Maryland income tax laws and the plaintiffs will not owe or have to pay any income tax on the amount awarded as damages. Therefore you should not add an amount to any award to compensate for anticipated taxes.

**MPJI-Cv 10:12**

**PLAINTIFF'S INSTRUCTION NO. 20**

<u>MORTALITY TABLE — LIFE EXPECTANCY</u>

According to life expectancy tables, the life expectancy of a person of _____ years of age is _____ years.

This figure is to assist you in determining the probable life expectancy of Janice Shockey, as it bears on future losses and damages. It is not conclusive proof of the life expectancy, and you are not bound by it. It is only an estimate based on avenge experience.

**MPJI-Cv 10:27**

**PLAINTIFF'S INSTRUCTION NO. 21**

<u>DEFINITION OF NEGLIGENCE</u>

Negligence is doing something that a person using reasonable care would not do, or not doing something that a person using reasonable care would do. Reasonable care means that caution, attention or skill a reasonable person would use under similar circumstances.

**MPJI-Cv 19:1**

**PLAINTIFF'S INSTRUCTION NO. 22**

<u>DEFINITION OF CAUSATION</u>

For the plaintiff to recover damages, the defendant's negligence must be a cause of the plaintiff's injury. There may be more than one cause of an injury, that is, several negligent acts may work together. Each person whose negligent act is a cause of an injury is responsible.

**MPJI-Cv 19:10**

<u>HEALTH CARE PROVIDERS — STANDARD OF CARE</u>

A health care provider is negligent if the health care provider does not use that degree of care and skill which a reasonably competent health care provider, engaged in a similar practice and acting in similar circumstances, would use.

Plaintiffs contend that the Defendant David A. Mooradian, M.D. and his practice Doctor's Emergency Services, P.A. were negligent in their care and treatment of Janice Shockey. In order for you to find that the defendant was negligent in their care and treatment, the plaintiff must prove that:

a.       The care given to Janice Shockey by the Defendants was not in accordance with the standards of practice among physicians with similar training and experience, situated in the same or similar communities, at the time of the alleged acts at issue in this case. Stated another way, the plaintiff must prove, that the defendant violated standards of care of reasonably competent physicians, practicing under the same or similar circumstances, in the same or similar communities.

2.       Second, the plaintiffs must also prove that the alleged violation of the standard of care by the defendant, if found, was a cause of Mrs. Janice Shockey's injuries.

**MPJI-Cv 27:1**

**PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 24**

From time to time, a party or witness to the case has been cross-examined with respect to sworn testimony made at a deposition.  If you find that a party or witness in this case, before testifying at the trial, testified previously at a deposition concerning any material matter in this case, and that the previous testimony of the party or witness was materially different from what such party or witness has said on the witness stand, then such difference in testimony may be considered as a factor in impeaching the recollection or truthfulness of the party or witness.  You may consider such difference or variance in testimony in estimating the weight, if any, which should be given to all or any part of the testimony of such party or witness at the trial.

## PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 25

There are two types of evidence from which you may properly find the truth of the facts of the case. One is direct evidence. Direct evidence is, for example, testimony of a person who is reporting his or her firsthand knowledge of a matter, such as the testimony of an eyewitness to an occurrence.

The other type of evidence is indirect or circumstantial evidence. It is proof of a chain of certain facts.

The law makes no distinction between the weight to be given to either type of evidence but simply requires that you consider the evidence and be convinced of the truth of a fact in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

You are to consider only the evidence that has been presented. You may not guess or speculate as to the existence of any additional facts in this case. But in your consideration of evidence, you are not limited to the bald statements of the witnesses who have testified. You are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of your own common experience. In other words, you may make deductions and reach conclusions which your own reason and common sense leads you to draw from the facts that have been established from the testimony and evidence in the case.

**PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 26**

<u>DEPOSITION TESTIMONY</u>

During the trial of the case, certain testimony has been given to you by means of written depositions, consisting of the sworn answers to questions asked of the witness in advance of the trial by one or more of the lawyers for the parties in this case. The testimony of a witness who cannot be present to testify from the witness stand may be presented under oath in the form of a deposition. That testimony is entitled to the same consideration and is to be judged as to its credibility and is to be viewed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand.

**PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 27**

**BURDEN OF PROOF**

The burden is on the plaintiff in a civil action, such as this one, to prove each essential element of his claim or claims by a preponderance of the evidence. The burden is on the defendant to prove every essential element of any affirmative defense it may raise.

**PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 28**

<u>ELEMENTS OF MEDICAL NEGLIGENCE ACTION</u>

The elements of an action for medical negligence are (1) a duty, which is (2) breached by the defendant, thereby (3) proximately causing, (4) plaintiff's injury.

**<u>Dunham vs. Elder</u>**, 18 Md. App 360, 306 A.2d 568 (1973)

**PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 29**

In medical negligence cases, the plaintiff(s) must establish to a reasonable medical probability by a preponderance of the affirmative evidence the following:

A.  What the applicable standard of care was at the time treatment was rendered in this case;

B.  That the standard of care was breached in one or more particulars; and

C. That the Plaintiff sustained damages as a proximate result of the breach of the standard of care.

**Johns Hopkins Hospital v. Genda**, 255 Md. 616, 258 A.2d 595 (1969).

**Find v. Steele**, 166 Md. 354, 171 A. 49 (1934).

**PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 30**

**STANDARD OF CARE**

A physician is negligent if he/she does not use that degree of care and skill which a

reasonably competent physician, engaged in a similar practice and acting in similar circumstances,

would use.

**M.P.J.I. 27:7**

**PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 31**

If you find by the preponderance of the evidence that the defendant(s), failed to exercise that degree of care and skill which a reasonably competent physician or physicians engaged in a similar practice and acting in similar circumstances would have used, and if you further find by the preponderance of the evidence that his/her failure to do so proximately caused the plaintiff to suffer damages or injury, then your verdict must be in favor of the plaintiff(s) and against the defendant(s).

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or failure to act.

**Skilkret v. Annapolis Emergency**, 276 Md. 187, 349 A.2d 245 (1975).

## PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 32

### PROXIMATE CAUSE

The Plaintiff has the burden of proving by a preponderance of the evidence that the defendant's negligent act or acts was/were a proximate cause of Plaintiff's injuries. The term proximate cause means that cause which, in its natural and continuous sequence, unbroken by any new and independent cause, and produces a result, or similar result, would have been reasonably foreseen by a person or ordinary care in light of the attending circumstances.

You must resolve whether the Defendants' negligent conduct caused the Plaintiff's harm or injury.

**Suburban Hospital Association v. Mewhinney**, 230 Md. 480, 485 (1963)

**State u/a Kalives v. Baltimore Eye, Ear and Throat Hospital, Inc.,** 177 M. 517, 527 (1940)

**Holler v. Lowrey**, 175 Md. 149, 161 (1938)

## PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 33

### <u>CAUSATION</u>

Recovery of damages based upon future consequences of an injury may be had if such consequences are reasonably probable or reasonably certain. Probability exists when there is more evidence in favor of a proposition than against it (a greater than 50% chance that a future consequence will occur). Mere possibility exists when the evidence is anything less.

**<u>Davidson v. Miller</u>**, 276 Md. 54, 62, 344 A.2d 422, 427-28 (1975)

**PLAINTIFF'S [ADDITIONAL] INSTRUCTION NO. 34**

<u>PROXIMATE AND CONCURRING CAUSES</u>

To recover damages or to be barred from recovery, the negligence must be a cause of an injury. There may be more than one cause of an injury, that is, several negligent acts may work together. Each person whose negligent act is a cause of an injury is responsible.

**MPJI-Cv 19:10**

**PLAINTIFF'S INSTRUCTION NO. 35**
**SPECIAL VERDICT FORM**


In order to aid you in reaching your verdict in this case, I have prepared a special verdict form for you.  (You each have a sample copy in front of you.  Please take your copies out so that I can review them with you.)

(Go over special verdict form.)

When you have reached an unanimous agreement, the foreperson should fill out the special verdict form in accord with your agreement.  Then the foreperson will sign and date the form in the space provided.